IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIK RAUL ESTEVANE-LUNA (BOP Register No. 82256-179), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:16-cv-2873-N-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Erik Raul Estevane-Luna, a federal prisoner, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, raising seven conclusory grounds for why his counsel was constitutionally ineffective. *See* Dkt. No. 2.

United States District Judge David C. Godbey has referred this action to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference.

Because it appeared, as of the date the Section 2255 motion was filed, that Movant's direct appeal was pending in the United States Court of Appeals for the Fifth Circuit, *see United States v. Estevane-Luna*, No. 3:15-cr-16-N (01) (N.D. Tex.), Dkt. No. 46 (notice of appeal filed June 28, 2016 (Case No. 16-10965 opened in the Fifth Circuit)), the undersigned issued an order directing Movant to show cause in writing why his Section 2255 motion should not be summarily dismissed without prejudice. *See* Dkt. No. 3. In his timely-filed response, Movant appears to assert that his counsel on

direct appeal has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), *see* Dkt. No. 4, but court records do not reflect that Movant's direct appeal has been dismissed or that his conviction has been affirmed.

The law in this circuit is clearly established that a federal prisoner "whose direct appeal of his conviction is presently pending" is "not entitled to consideration [of his Section 2255 motion] on the merits," *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam) (citing *Welsh v. United States*, 404 F.3d 333 (5th Cir. 1968), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988)); *see also Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) ("[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal."); *cf. Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) ("[T]he orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.").

Given the posture of this case, in which the Section 2255 claims are not ripe until the direct appeal is resolved, it appears that the Court currently lacks subject-matter jurisdiction over this action. *See, e.g., Moreno-Florean v. United States*, Nos. EP-08-CA-324-KC & EP-07-CR-051-KC, 2008 WL 4279921 (W.D. Tex. Sept. 5, 2008); *see also Blair v. United States*, 527 F. App'x 838, 839 (11th Cir. 2013) (per curiam) (absent "extraordinary circumstances," "[t]he appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice" for lack of jurisdiction (citation omitted)).

**Recommendation**

The Court should dismiss this action without prejudice to it being re-filed once Movant's direct appeal has been resolved in the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 14, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE